UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL SIMS,**

        **Plaintiff,**                    **CIVIL ACTION NO. 17-cv-12060**

        **v.**                             **DISTRICT JUDGE ARTHUR J. TARNOW**

**COMMISSIONER OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michael Sims seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 14) and Defendant's Motion for Summary Judgment (docket no. 15). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 4.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 14) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**.

## II. PROCEDURAL HISTORY

Plaintiff protectively filed an application for supplemental security income on June 19, 2014, alleging that he has been disabled since September 1, 2010, due to the human immunodeficiency virus (HIV), a closed head injury, and depression. (TR 104, 169-78, 192.) The Social Security Administration denied Plaintiff's claims on October 22, 2014, and Plaintiff requested a *de novo* hearing. (TR 90-104, 118-20.) On March 1, 2016, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Joy A. Turner. (TR 31-63.) The ALJ issued an unfavorable decision on April 7, 2016, and the Appeals Council declined to review the decision. (TR 1-6, 15-30.) Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

In his brief, Plaintiff sets forth the procedural history of this matter and provides a brief "Statement of Relevant Facts," which primarily consists of a summary of the ALJ's decision. (Docket no. 14 at 7-9.) The ALJ summarized Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony in her decision (TR 22-24, 25). Defendant adopts the ALJ's recitation of the facts. (Docket no. 15 at 4.) Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

### IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of June 19, 2014, and that Plaintiff suffered from the severe impairments of HIV, fractures of left upper extremity, intracranial injury, seizure disorder, and affective disorder. (TR 20.) Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 20-22.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except [he] can occasionally climb stairs and ramps; cannot climb ladders, ropes or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. The claimant needs to avoid concentrated exposure to extreme cold, heat, wetness, humidity, and needs to avoid all exposure to pulmonary irritants, hazardous machinery, and unprotected heights. The claimant is limited to simple, routine tasks with occasional interaction with [the] public, co-workers and supervisors.

(TR 22-24.) Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 25.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since June 19, 2014, the date the application was filed. (TR 18, 26.)

### V.     LAW AND ANALYSIS

#### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127

F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

  (1)  Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

  **C.**  **Analysis**

  The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter

5

upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because "[t]he ALJ committed reversible legal error in failing to incorporate sufficient limitations in the RFC and related hypotheticals to the vocational expert, to coincide with the severe mental impairments she found." (Docket no. 14 at 11-13.) Specifically, Plaintiff asserts that the ALJ's RFC assessment, which limits Plaintiff to "simple, routine tasks," does not adequately account for the limitations caused by his affective disorder and intracranial injury. (*Id*. at 7, 11, 13.) Plaintiff bears the burden of proving the existence and severity of limitations caused by his impairments through step four of the sequential evaluation process. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Her*, 203 F.3d at 391. Accordingly, it is Plaintiff's burden to prove that he has a more restrictive RFC than that assessed by the ALJ. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her*, 203 F.3d at 392). Plaintiff, however, does not indicate, through citations to the record, factual or legal analysis, or even a conclusory statement, what additional limitations the ALJ should have assessed to accommodate for his affective disorder and intracranial injury. Plaintiff has therefore failed to meet his burden of proving that his affective disorder and intracranial injury require a more restrictive mental RFC than that of "simple, routine tasks" assessed by the ALJ.

Moreover, as Defendant points out, the ALJ sufficiently considered Plaintiff's affective disorder and intracranial injury in assessing Plaintiff's RFC. The ALJ noted Plaintiff's testimony

that he suffered one brain injury in 1990 and another in 1997 or 1998, that he was angered easily, and that he had some social issues. (TR 23.)  The ALJ also noted that Plaintiff's medical record included a computed tomography (CT) of Plaintiff's head, which showed cerebral atrophy/white matter changes with no intracranial hemorrhage or midline shift. (TR 23.)  Additionally, the ALJ considered and discussed Plaintiff's mental health records, which revealed that Plaintiff had a history of depression, he presented to his medical provider with a sad mood and depressed affect, and he took four different medications to manage his mental disorder. (TR 23.)  The ALJ further discussed the medical opinion evidence submitted by James Tripp, Ed.D., the state-agency psychological consultant, and David L. Hayter, Ph.D., a consultative examiner.  Notably, Dr. Tripp opined that Plaintiff could perform simple, routine instructions despite his affective disorder and intracranial injury. (TR 95, 99-101.)  And Dr. Hayter opined that Plaintiff "is able to understand, retain and follow simple instructions and [is] generally restricted to performing simple, routine, repetitive, concrete, tangible tasks." (TR 604.)  The ALJ accorded great weight to Dr. Tripp and Dr. Hayter's opinions and relied upon them when assessing Plaintiff's RFC. (TR 24.)  Accordingly, the ALJ's determination that Plaintiff's mental impairments limited Plaintiff's RFC to "simple, routine tasks" is supported by substantial evidence.

Plaintiff also challenges the accuracy and reliability of the VE's testimony on the basis that the ALJ's hypothetical questions to the VE did not reference Plaintiff's affective disorder or intracranial injury. (Docket no. 14 at 12-13.)  To support this argument, Plaintiff relies on the decision of a sister court in this district, *Walker v. Barnhart*, 258 F. Supp. 2d 693 (E.D. Mich. 2003).  In *Walker*, the court held that an ALJ's instruction to the VE that the hypothetical claimant could perform only simple, unskilled work did not necessarily account for the plaintiff's depressive disorder.  258 F. Supp. 2d at 701.  In so holding, the *Walker* court, in turn, relied upon

7

the then-recent Sixth Circuit decision in *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002), which held that the ALJ's hypothetical question to the VE did not accurately portray the plaintiff's condition because it did not include the ALJ's finding that the plaintiff had major depressive disorder, and therefore, the VE's testimony in reliance upon the hypothetical question was not substantial evidence for the ALJ's conclusion that the plaintiff could perform other work. Nevertheless, two years after the decision in *Howard*, and one year after the decision in *Walker*, the Sixth Circuit clarified that "we do not read *Howard* to hold that hypothetical questions to vocational experts are required to include lists of claimants' medical conditions," because such an interpretation would conflict with the circuit's precedent and the role of a vocational expert under the social security regulations. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Thus, under current Sixth Circuit precedent, Plaintiff's argument that the ALJ's hypothetical questions in this matter were insufficient because they did not reference Plaintiff's affective disorder and intracranial injury, fails.

Here, the ALJ incorporated all of Plaintiff's limitations that she found credible into Plaintiff's RFC and presented those limitations to the VE in her hypothetical questions, as she was required to do. The VE then testified that there were jobs available for a person with those limitations, which the VE cited in detail. The ALJ properly relied on the VE's testimony in finding that there are significant numbers of jobs available that Plaintiff can perform and that Plaintiff is therefore not disabled. Accordingly, Plaintiff's Motion should be denied with regard to this issue.

## VI.     CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 14) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 15).

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  June 28, 2018             s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  June 28, 2018		s/ Leanne Hosking
		Case Manager