UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SIMS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 17-12060

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K.
MAJZOUB

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION [16]; OVERRULING
PLAINTIFF'S OBJECTION [17]; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [15]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Michael Sims seeks judicial review of the decision of an
Administrative Law Judge ("ALJ") denying his application for disability benefits.
Plaintiff, through counsel, filed a Motion for Summary Judgment [14] on October
19, 2017. Defendant filed a Motion for Summary Judgment [15] on October 27,
2017. On June 28, 2018, the Magistrate Judge issued a Report and Recommendation
[16] ("R&R") recommending that the Court grant Defendant's Motion and deny
Plaintiff's Motion. Plaintiff filed an Objection to the R&R [17] on July 7, 2018.
Defendant filed a Reply [18] on July 9, 2018.

For the reasons stated below, the Court **ADOPTS** the R&R [16]. Plaintiff's Objection [17] is **OVERRULED**. Defendant's Motion for Summary Judgment [15] is **GRANTED**. Plaintiff's Motion for Summary Judgment [14] is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge summarized the record as follows:

### II.  Procedural History

Plaintiff protectively filed an application for supplemental security income on June 19, 2014, alleging that he has been disabled since September 1, 2010, due to the human immunodeficiency virus (HIV), a closed head injury, and depression. The Social Security Administration denied Plaintiff's claims on October 22, 2014, and Plaintiff requested a *de novo* hearing. On March 1, 2016, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Joy A. Turner. The ALJ issued an unfavorable decision on April 7, 2016, and the Appeals Council declined to review the decision. Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

### III.  Hearing Testimony and Medical Evidence

In his brief, Plaintiff sets forth the procedural history of this matter and provides a brief "Statement of Relevant Facts," which primarily consists of a summary of the ALJ's decision. The ALJ summarized Plaintiff's hearing testimony, Plaintiff's medical record, and the vocational expert's (VE's) testimony in her decision. Defendant adopts the ALJ's recitation of the facts. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will

also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.    Administrative Law Judge's Determination

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of June 19, 2014, and that Plaintiff suffered from the severe impairments of HIV, fractures of left upper extremity, intracranial injury, seizure disorder, and affective disorder. Additionally, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except [he] can occasionally climb stairs and ramps; cannot climb ladders, ropes or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. The claimant needs to avoid concentrated exposure to extreme cold, heat, wetness, humidity, and needs to avoid all exposure to pulmonary irritants, hazardous machinery, and unprotected heights. The claimant is limited to simple, routine tasks with occasional interaction with [the] public, co-workers and supervisors.

Subsequently, in reliance on the VE's testimony, the ALJ determined that Plaintiff was capable of performing a significant number of jobs in the national economy. Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time since June 19, 2014, the date the application was filed.

[R&R at 2-3] (internal citations omitted).

## STANDARD OF REVIEW

The Court reviews objections to a Magistrate Judge's R&R on a dispositive motion *de novo*. 28 U.S.C. § 636(b)(1)(c). However, vague, generalized objections are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Provided that the ALJ's conclusion is supported by substantial evidence, the Court must ". . . defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).

**ANALYSIS**

Plaintiff raises only one objection to the R&R, which is difficult to parse. The Court construes the objection as a general challenge to the R&R's finding that the ALJ's decision was supported by substantial evidence. In support of this argument, Plaintiff maintains that, in its RFC evaluation, the ALJ failed to: 1) adequately assess Plaintiff's injuries and impairments; and 2) incorporate Dr. Tripp's opinion that Plaintiff would be limited in his ability to respond to changes in the workplace.

Plaintiff's objection is without merit. First, the record makes clear that the ALJ considered Plaintiff's injuries and impairments in assessing his RFC. As the Magistrate Judge noted, the ALJ considered the fact that Plaintiff was HIV positive, experienced two brain injuries in the 1990s, and suffered from depression. Contrary to Plaintiff's assertion that the Magistrate Judge "reject[ed] that the ALJ must incorporate the injuries sustained by Plaintiff within [its] RFC evaluation[,]" the bulk of the R&R actually addresses the ALJ's consideration of Plaintiff's affective disorder and intracranial injuries in its RFC evaluation. R&R at 6-7.

Furthermore, the ALJ reviewed Plaintiff's medical records and three professional opinions – including state psychological consultant Dr. Tripp's opinion – regarding Plaintiff's physical and emotional capabilities. Plaintiff accurately notes that Dr. Tripp found that Plaintiff was moderately limited in his ability to respond

appropriately to changes in the work setting. But, Plaintiff's attempt to pluck this single finding out of Dr. Tripp's entire report as grounds for remand is unavailing. Dr. Tripp made several other determinations related to Plaintiff's employment capabilities such as findings that he was not significantly limited in his ability to: perform activities within a schedule; sustain an ordinary routine without supervision; work in coordination with others; make simple work-related decisions; and set realistic goals.

In its decision, the ALJ included Dr. Tripp's opinion that Plaintiff had: mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no repeated episodes of decompensation. The ALJ plainly reviewed Dr. Tripp's opinion and afforded it appropriate weight, seeing as it was consistent with the objective evidence of record. It would be absurd, as Plaintiff seems to suggest, to require the ALJ to spell out each and every finding made by a psychological consultant about the claimant's particular capabilities in its decision.

Moreover, the Magistrate Judge referred to Dr. Tripp's opinion in recommending that this Court find that the ALJ's RFC determination – which limited Plaintiff to simple, routine tasks – was supported by substantial evidence. R&R at 7. Even if the Magistrate Judge hadn't considered Dr. Tripp's specific

finding that Plaintiff was moderately limited in his ability to respond to changes in the workplace, the ALJ's decision would nevertheless meet the substantial evidence standard. Therefore, Plaintiff's objection is overruled.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the R&R [16] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [17] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [14] is **DENIED**.

**SO ORDERED**.

/s/Arthur J. Tarnow_____
Arthur J. Tarnow
Dated: July 25, 2018                    Senior United States District Judge

**Certificate of Service**
I hereby certify that this Order was electronically submitted on July 25, 2018, using the CM/ECF system, which will send notification to each party.

s/A. Chubb_____
Case Manager